# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CRAIGERY SCOTT JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:09-CV-2569-VEH |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Craigery Scott Jones ("Mr. Jones") brings this action pursuant to 42 U.S.C. §§ 216(i) and 223 of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), who denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Mr. Jones timely pursued and exhausted his administrative remedies available before

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI under the Social Security Act. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[2]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Jones was a 40-year-old male at the time of his hearing before the administrative law judge (hereinafter "ALJ").  (Tr. 26, 71).  Mr. Jones's past work experience includes employment as a construction welder.  (Tr. 40).

Mr. Jones maintains that he became disabled  on April 7, 2007. (Tr. 71).  Mr. Jones bases his disability claim on discogenic and degenerative arthritis of the back and obesity.  (Tr. 11, 45).  Mr. Jones applied for DIB and SSI on July 18, 2007.  (Tr. 9, 45, 47).  Both claims were denied initially on September 12, 2007.  (Tr. 9, 45, 47, 48).

Mr. Jones timely filed a request for a hearing, which was received on November 2, 2007.  (Tr. 9, 53).  The hearing before the ALJ was held on June 9, 2009.  (Tr. 9, 26).  The ALJ concluded Mr. Jones was not disabled as defined by the Social Security Act and denied his DIB and SSI applications on July 22, 2009.  (Tr. 9-16).

Mr. Jones filed a request for review of the ALJ's opinion on July 23, 2009.

---

[2]  42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

(Tr. 61-62). On October 28, 2009, the Appeals Council denied review, which resulted in the final decision of the Commissioner being the ALJ's disability determination that was adverse to Mr. Jones. (Tr. 1).

On December 22, 2009, Mr. Jones filed his complaint with this court asking for review of the Commissioner's decision. (Doc. 1). On May 18, 2010, Mr. Jones filed a brief (Doc. 10) in support of his appeal, and on June 16, 2010, the Commissioner followed with his responsive brief. (Doc. 11). This court has carefully considered the record, and for the reasons stated below, affirms the Commissioner's denial of benefits.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as

adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish his entitlement for a period of disability, the claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through October 28, 2010.

  (1)  whether the claimant is currently employed;
  (2)  whether the claimant has a severe impairment;
  (3)  whether the claimant's impairment meets or equals an impairment listed by the Secretary;
  (4)  whether the claimant can perform her past work; and
  (5)  whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

  The ALJ found Mr. Jones had not engaged in substantial gainful activity since the alleged onset of his disability on April 7, 2007. (Tr. 11 ¶ 2). Thus, the claimant satisfied step one of the five-step test. 20 C.F.R. § 404.1520(b).

Under step two, the ALJ concluded that "[t]he claimant has the following severe impairments: discogenic and degenerative arthritis of the back and obesity[.]" (Tr. 11 ¶ 3 (citations omitted)). Accordingly, the ALJ concluded that Mr. Jones satisfied the second step of the sequential disability evaluative process. 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that Mr. Jones did not have an impairment or a group of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12 ¶ 4). Mr. Jones does not dispute this finding on appeal.

The ALJ then evaluated Mr. Jones's residual functional capacity ("RFC") at step four, and the claimant was found to have the ability to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with a sit/stand option. The claimant can sit for ten to fifteen minutes at one time for a total of about 6 hours per day. He can stand for ten to fifteen minutes at one time and walk 100 feet at one time for about six hours during an eight-hour workday. For safety reasons, the claimant is restricted from climbing ladders, ropes and scaffolds and avoid all exposure to hazards such as dangerous machinery and unprotected heights. The claimant cannot perform activities which require kneeling and crawling. Occasionally, he can balance, stoop, crouch and climb stairs and ramps.

(Tr. 12 ¶ 5).[4]  The ALJ further found that the "claimant is unable to perform any past relevant work[.]"  (Tr. 14 ¶ 7 (citation omitted)).

Because of the ALJ's finding that Mr. Jones had no past relevant work experience, it was necessary to continue to step five of the sequential analysis.  (Tr. 15-16).  Factoring in the Medical-Vocational Guidelines as a framework, and relying upon testimony from the vocational expert, the ALJ determined that Mr. Jones was capable of performing certain sedentary occupations "such as surveillance monitor" and "table worker[.]" (Tr. 15).

Also in reliance upon the vocational expert's testimony, the ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, the claims is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 16).  Accordingly, the

---

[4] The Regulations define sedentary work as:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (current through October 28, 2010).

ALJ decided that Mr. Jones was not disabled as defined by the Social Security Act, and denied his DIB and SSI claims. (Tr. 16 ¶ 12).

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[5]

In this appeal, Mr. Jones contends that the ALJ erred in his assessment of the opinion given by Dr. Steven Fuller ("Dr. Fuller"), one of his treating physicians. (Doc. 10 at 8-11). More specifically, Mr. Jones maintains that "[i]t appears that the ALJ is according great weight to one sentence by Dr. Fuller in which he states that Plaintiff can perform sedentary work, but unfortunately the ALJ doesn't appear to be paying much attention to the other sentences in the same letter, nor does he appear to be paying much attention to Dr. Fuller's treatment notes." (*Id.* at 8). Mr. Jones also argues that "the ALJ's failure to consider the opinion of the treating physician, who

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

prescribed medication to Plaintiff, regarding the side-effects of these prescribed medications, was reversible error." (*Id.* at 9).

## I. THE ALJ APPROPRIATELY EVALUATED AND ASSIGNED WEIGHT TO DR. FULLER'S OPINION, AND THE DECISION IS SUPPORTED BY SUBSTANTIAL EVIDENCE.

In a letter dated February 8, 2008, Dr. Fuller gave the following opinion relating to Mr. Jones's functional limitations:

> Mr. Jones will not be able to return to his past line of work, which included duties as an electrician, welder, and maintenance mechanic. <u>He is capable of sedentary work only</u>. He cannot do extended standing or walking and has a lifting limit of 10 pounds. He also takes narcotic pain medication, which could make certain positions prohibitive for safety reasons.
>
> It is my opinion that his prior surgery, limitations, and medications would be a substantial deterrent to gaining employment.

(Tr. 221(emphasis added)). In his disability decision, the ALJ stated that he had considered the opinion of Dr. Fuller "who opined that the claimant was capable of performing sedentary work" and indicated that he gave "this opinion significant weight as it [was] consistent with other medical evidence of record and the claimant's activities of daily living." (Tr. 14).

Mr. Jones's appeal triggers the application of the so-called treating physician's rule:

9

> Our case law requires that unless good cause is shown to the contrary, the ALJ must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician. *Walden v. Schweiker*, 672 F.2d 835, 840; *Smith v. Schweiker*, 646 F.2d at 1081; *Fruge v. Harris*, 631 F.2d 1244, 1246 (5th Cir. 1980).

*Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). Against this backdrop, the court sees no reversible error committed by the ALJ and agrees with the Commissioner that "the ALJ's RFC finding is consistent with the work-related limitations that Dr. Fuller imposed" taken as a whole. (Doc. 11 at 7).

In particular, Dr. Fuller did not opine that the side effects from Mr. Jones's medications would completely preclude him from performing any job, but rather that such additional considerations "would be a substantial deterrent to gaining employment." (Tr. 221). Additionally, the meaning of this last sentence is murky at best as it lacks any corresponding functional reference and confusingly is preceded by Dr. Fuller's opinion that Mr. Jones "is capable of [performing] sedentary work[.]" (Tr. 221; *see also* Doc. 11 at 7 ("First, exactly what Dr. Fuller meant by this statement is unclear because it does not set out any functional limitations." (citation omitted); Doc. 11 at 8-9 ("In fact, the statement is inconsistent with Dr. Fuller's earlier opinion that Plaintiff could perform sedentary work and that his medications would limit, but not prevent him, from performing certain types of jobs." (citation omitted)).

Moreover, consistent with Dr. Fuller's report, the ALJ placed additional safety restrictions on Mr. Jones such as limiting him from exposure to hazards, dangerous machinery, or unprotected heights, and restricting him from climbing ladders, ropes or scaffolds. Therefore, the ALJ did incorporate into his RFC determination certain measures that would combat the potential for medicinal side effects.

Furthermore, the record lacks adequate proof that medicinal side effects even pose significant problems for Mr. Jones, much less any work-related ones. The Eleventh Circuit addressed the issue of side effects on appeal in *Swindle v. Sullivan*, 914 F.2d 222 (11th Cir. 1990):

> Ms. Swindle also argues that the many medications she is taking have severe side effects that the ALJ failed to take into consideration. <u>However, the ALJ noted that Ms. Swindle did not complain of side effects, with the exception that she felt that one medication might be giving her headaches, and the record did not disclose any concerns about side effects by the several doctors who examined and treated her</u>. The ALJ's determination <u>that side effects from medication did not present a significant problem</u> is therefore supported by substantial evidence.

*Swindle*, 914 F.2d at 226 (emphasis added).

As the Commissioner correctly observes, "Plaintiff never complained of side effects to Dr. Fuller or requested that his medications be changed, and Dr. Fuller never expressed concern over side effects or advised him to stop taking his medicine (Tr. 137-167, 209-220, 222-32, 234-41)." (Doc. 11 at 9). Instead, the record shows

11

that Mr. Jones was satisfied with his pain management regimen. (*See, e.g.*, Doc. 11 at 9 (In fact, Plaintiff frequently told Dr. Fuller that his medications helped him sleep and alleviated his pain (Tr. 139, 156, 209, 212, 234, 240)"); Doc. 11 at 9 ("Plaintiff also regularly asked Dr. Fuller to refill his medications, which shows they were effective (Tr. 208, 211, 214, 217, 220, 224, 228, 236, 239).")).

While, during the hearing, Mr. Jones did mention that his pain medications made him "dizzy" and indicated that this was in part why he was no longer driving (Tr. 34), no further testimony was elicited by his counsel regarding the impact of any side effects, much less substantiating that Mr. Jones's reported dizziness coupled with his severe impairments would entirely prevent him from performing <u>all</u> sedentary jobs. Therefore, similar to *Swindle*, substantial evidence supports the ALJ's conclusion that any side effects experienced by Mr. Jones did not warrant further limitations on his RFC beyond those that the ALJ found to be appropriate.

Accordingly, consistent with the foregoing analysis, the ALJ appropriately evaluated and relied upon the sedentary functional section of Dr. Fuller's opinion, and the Commissioner's disability decision is supported by substantial evidence. Alternatively, even if the ALJ erred in accepting the portion of Dr. Fuller's opinion about Mr. Jones's ability to perform sedentary work (with additional limitations) without adequately explaining his basis for rejecting the last sentence in Dr. Fuller's

report relating to the side effects of Mr. Jones's medication, such error was harmless because good cause exists for disregarding that ambiguous statement, and the record on the whole provides substantial evidence for finding Mr. Jones not disabled.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is supported by substantial evidence and applies the proper legal standards. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this the 4th day of November, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge